# EXHIBIT A

**SUMMONS**

SUM-100

*(CITACION JUDICIAL)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Experian Information Solutions, Inc.; Axcess Financial Credit, Inc.;
CashCall, Inc.; Mid America Bank & Trust Company; Does 1-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

2015 SEP 15 P 2: 28

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Beatrice Munoz

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara Superior Court<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot W. Gale, Esq.                    Sagaria Law, P.C.
2033 Gateway Place, 6th Floor           (408) 279-2288
San Jose, CA 95110

| DATE:  SEP 1 5 2015 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  Experian Information Solutions, Inc.
   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):*  9-28-15

Page 1 of 1

Munoz, Beatrice

1    SCOTT J. SAGARIA (BAR # 217981)
     ELLIOT W. GALE (BAR #263326)
2    JOSPEH B. ANGELO (BAR #268542)
     SCOTT M. JOHNSON (BAR #287182)
3    SAGARIA LAW, P.C.
     2033 Gateway Place, 5th Floor
4    San Jose, CA 95110
     408-279-2288 ph
5    408-279-2299 fax

6    Attorneys for Plaintiff

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SANTA CLARA

10                 LIMITED JURISDICTION > $25,000.00

11

12                                      115CV285656

13                                |  CASE NO.

14

15                                |  COMPLAINT FOR DAMAGES:

16   BEATRICE MUNOZ,              |    1. Violation of Fair Credit Reporting Act;
                                  |    2. Violation of California Consumer Credit
17                  Plaintiff,    |       Reporting Agencies Act;
                                  |    3. Violation of California Unfair Business
18         v.                     |       Practices Act
                                  |    4. Demand Exceeds $10,000.00
19

20   Experian Information Solutions, Inc.;
     Axcess Financial Credit, Inc.; CashCall,
21   Inc.; Mid America Bank & Trust Company
     and DOES 1 through 100 inclusive,
22

23                  Defendants.

24

25

26   COMES NOW Plaintiff BEATRICE MUNOZ, an individual, based on information and belief, to

27   allege as follows:

28

## INTRODUCTION

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy.

## JURISDICTION & VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. This Court has jurisdiction under California Civil Procedure Code §410.10

4. This venue is proper pursuant to California Civil Procedure Code § 395.5

## GENERAL ALLEGATIONS

5. Plaintiff filed for Chapter 7 bankruptcy protection on January 29th, 2015 in order to reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 7 bankruptcy was discharged on May 12th, 2015.

6. On May 22nd, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure proper reporting.

7. In response Plaintiff disputed the inaccurate tradelines via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

8. Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

9. Defendants Axcess Financial Credit, Inc.; CashCall, Inc. and Mid America Bank & Trust Company failed to conduct a reasonable investigation and reported falsely to Experian Information Solutions, Inc. a *misleading* and or *inaccurate* account status, and or listed the accounts as in collections, past due, and or charged off rather than discharged in Bankruptcy.

10. Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information as Plaintiff received a reinvestigation report from Experian Information Solutions, Inc. that failed to properly address the inaccuracies.

11. On July 28th, 2015 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure proper reporting.

12. Plaintiff's account was in dispute but the furnisher and Experian Information Solutions, Inc. failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

13. The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

14. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

15. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

16. The actions of the Defendant as alleged herein are acts in violation of the California Business and Professions Code § 17200.

## FIRST CAUSE OF ACTION
### (Violation of Fair Credit Reporting Act
### 15 U.S.C. § 1681s-2(b))
### (Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.- Failure to Reinvestigate Disputed Information.**

17. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

18. After plaintiff disputed the accounts mentioned above, defendant Experian Information Solutions, Inc. was required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendant was required to send all

relevant information to the furnishers which they did not do based on the reinvestigation report Plaintiff received.

19. In its reinvestigation report Experian Information Solutions, Inc. failed to update the misleading and or inaccurate account status, and or listing the accounts as in collections, past due, and or charged off rather than discharged in Bankruptcy.

**Axcess Financial Credit, Inc.; CashCall, Inc. and Mid America Bank & Trust Company – Reporting Inaccurate Information to Defendant Experian Information Solutions, Inc. and Failure to Reinvestigate.**

20. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

21. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

22. Defendants Axcess Financial Credit, Inc.; CashCall, Inc. and Mid America Bank & Trust Company violated section 1681s-2 by failing to conduct a reasonable investigation and re-reporting a *misleading* and or *inaccurate* account status, and or listing the accounts as in collections, past due, and or charged off rather than discharged in Bankruptcy. Defendant Experian Information Solutions, Inc. provided notice to the defendants that Plaintiff was disputing the inaccurate or misleading information but each of the furnishers failed to conduct a reasonable investigation of the information as required by the FCRA.

23. Defendant Experian Information Solutions, Inc. re-reported to the bureaus the misleading and or inaccurate information as seen in Plaintiff's reinvestigation report.

### SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Axcess Financial Credit, Inc.; CashCall, Inc. and Mid America Bank & Trust Company – Reporting Inaccurate Information to Defendant Experian Information Solutions, Inc.**

24. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

25. Defendants Axcess Financial Credit, Inc.; CashCall, Inc. and Mid America Bank & Trust Company intentionally and knowingly reported a *misleading* and or *inaccurate* account status, and or listed the accounts as in collections, past due, and or charged off rather than discharged in Bankruptcy to Experian Information Solutions, Inc. Plaintiff alleges that Creditors re-reported a *misleading* and or *inaccurate* account status, and or listed the accounts as in collections, past due, and or charged off rather than discharged in Bankruptcy to Experian Information Solutions, Inc. in violation of California Civil Code § 1785.25(a).

26. Plaintiff also alleges that Creditors had reason to know that the information reported on Plaintiff's accounts were misleading and or inaccurate.

27. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendants of its misleading and or inaccurate reporting.

28. Creditors failed to notify Experian Information Solutions, Inc. that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

29. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

30. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 7, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

31. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditors and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditors at all times relevant to this Complaint were engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about January 29th, 2015 and continuing to the present, Creditors committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. These unlawful business practices of the Creditors are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

63. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore unlawful business practices within the meaning of Business and Professions Code § 17200.

65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

   b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

   c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

   d. Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;

   e. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

   f. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

   g. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;


SAGARIA LAW, P.C.

Dated: August 24, 2015          By: _____
                                    Scott Sagaria, Esq.
                                    Elliot Gale, Esq.
                                    Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.


SAGARIA LAW, P.C.

Dated: August 24, 2015                  /s/ Elliot Gale
                                   Scott Sagaria, Esq.
                                   Elliot Gale, Esq.
                                   Attorneys for Plaintiff